**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

CALEB WHITFIELD,

|  |  |  |
|---|---|---|
| Petitioner, | : | Case No. 3:24-cv-00330 |
| - vs - |  | District Judge Thomas M. Rose |
|  |  | Magistrate Judge Michael R. Merz |
| WARDEN,<br>Toledo Correctional Institution, |  |  |
|  | : |  |
| Respondent. |  |  |

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Caleb Whitfield pursuant to 28 U.S.C. § 22454 to obtain relief from his conviction in the Montgomery County Court of Common Pleas on charges of aggravated vehicular homicide, vehicular assault, failure to comply with the order or signal of a police officer, and resisting arrest (Corrected Amended Petition, "Am. Petition," ECF No. 23).  The case is ripe for decision on the Am. Petition, Respondent's Return of Writ (ECF No. 24), and Petitioner's Supplemental Traverse (ECF No. 25).  The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 27).

**Litigation History**

On August 11, 2021, the Montgomery County Grand Jury indicted Whitfield on charges of

1

aggravated vehicular homicide in violation of Ohio Revised Code § 2903.06(A)(2)(a); two counts of aggravated vehicular assault in violation of Ohio Revised Code §  2903.08(A)(2)(b); failure to comply with an order or signal of a police officer in violation of Ohio Revised Code §§ 2921.331(B) and (C); and resisting arrest in violation of Ohio Revised Code § 2921.33(A) (Count 5). Indictment, (State Court Record, ECF No. 14, Ex. 1).  A jury convicted Whitfield on all counts.

Whitfield appealed to the Ohio Second District Court of Appeals, raising the following assignments of error:

1. The trial court erred as a matter of law by overruling appellant's motion to dismiss on the basis of speedy trial grounds.

2.  Appellant's convictions are not supported by sufficient evidence to prove guilt beyond a reasonable doubt and are against the manifest weight of the evidence.

3. The trial court erred to the prejudice of the appellant by permitting the state to attack his credibility with a juvenile adjudication.

4. The trial court denied appellant's constitutional right to present a defense by excluding relevant evidence.

5. The cumulative effect of the errors set forth herein deprived appellant of his constitutional right to a fair trial.

Appellant's Brief, State Court Record, ECF No. 14, Ex. 20, PageID 189.  The Second District overruled Assignments of Error One, Three, Four, and Five, but sustained Assignment Two to the extent of finding the conviction should have been of fourth degree rather than third degree felonies. On remand Whitfield was sentenced to the term of imprisonment he is now serving.

Whitfield did not appeal the new sentence, but on April 26, 2023, filed *pro se* an Application for Reopening the direct appeal pursuant to Ohio R. App. P. 26(B)(State Court Record,

2

ECF No. 14, Ex. 27).  The Second District permitted reopening on the speedy trial claim, but again affirmed. *Id.* at Ex. 36.  The Ohio Supreme Court declined jurisdiction over a further appeal.  *Id.* at Ex. 43.  Whitfield then sought but failed to obtain reconsideration in the Second District.

Whitfield then filed for habeas relief in this Court.  As amended by the Am. Petition, he pleads two grounds for relief:

> **Ground One:** Appellate Counsel rendered ineffective assistance by failing to raise and/or exhaust the controlling factors and arguments which clearly supports the appellants contention and legal analysis that a speedy trial violation did occur.

> **Supporting Facts:** Appellant Counsel argument was "There was no motion made or instituted by appellant." He made no citation to any legal authority, Case law nor to the Record. Whitfield acting pro se already addressed that fact in his application for reopening. Upon reopening new counsel was directed by the Court to address the genuine issue. Appellant Counsel did not argue the fact that by definition Ohio RC. 2945.72(F) does not apply to motions which does not cause delay in the proceedings, failed to argue The Trial Court Journalized a 7 day continue on October 13, 2021, Journalized the appointment of new counsel on October 14, 2021 and Journalized another 7 day continuance on October 20, 2021 all while the December 20, 2021 trial remained held on schedule unaffected by Trial Counsel's motion to withdraw as Counsel. Therefore Ohio R.C. 2945.72(E) was not applicable. Also failed to argue the fact that a Court of Record speaks Through its Journal Therefore the trial courts oral statement on October 13, 2021 to vacate the December 20, 2021 Trial date was legally meritless. Failed to litigate the Case law behind the statutory language usage. Appellate Counsel's action prejudicially effected the petitioners trial Clearly – Respectfully.

(Petition, ECF No. 6 PageID 61).

> **Ground Two**: Appellate counsel Charles Blue rendered ineffective assistance by failing to raise and/or exhaust the controlling legal factors and arguments which clearly supports that a statutory speedy trial violation occurred.

> **Supporting Facts:** Appellate counsel Charles Blue argument in relation to the statutory speedy trial question omits the real issue/argument but instead focused on the trial courts justified *sua*

3

*sponte* continuance due to Covid-19. On appeal, counsel primarily challenged the trial courts setting of a December 20, 2021 trial date but in regards to the (issue in question) the subsequent continuance until February 22, 2022, counsel failed to address it which prompted the reviewing court to call it out on review which directly prompted the appellate (Whitfield) to file an App. R. 26(B) which was granted on such issue.

(Am. Petition, ECF No. 21-1, PageID 1244).

## Analysis

Respondent asserts that both of Petitioner's Grounds for Relief are procedurally defaulted. The Magistrate Judge agrees based on the following analysis.

Persons criminally charged in Ohio have two separate rights to a speedy trial.  One is protected by the Sixth Amendment to the United States Constitution as incorporated into the Due Process Clause of the Fourteenth. The Supreme Court has developed a four-part balancing test to use in determining whether a defendant's right to a speedy trial has been violated:  (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972).  Delay is presumptively prejudicial where the post-accusation delay approaches one year. *Doggett v. United States*, 505 U.S. 647 (1992).

The other speedy trial right is statutory under Ohio Revised Code § 2945.71.  The time limits under the Ohio statute are much tighter than under the Sixth Amendment and every day spent in pre-trial confinement counts as three against the 270-day time limit.

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "A

petitioner must claim that his custody violates federal law, not state law, not some other source of law." *Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020) citing *Wilson*. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Petitioner was indicted on August 11, 2021, and tried beginning on February 22, 2022, when a jury was selected and sworn (Transcript, State Court Record, ECF No. 14, PageID 634). Thus trial commenced approximately six months after the Indictment and nowhere near the one-year presumptive limit under the Sixth Amendment.  There would never have been any meritorious Sixth Amendment speedy trial claim in this case.

Moreover, any constitutional speedy trial claim would have been apparent on the face of the record and therefore would have been required to be raised on direct appeal or be barred by Ohio's *res judicata* doctrine.  *State v. Perry,* 10 Ohio St. 2d 175 (1967).  No Sixth Amendment claim was made on direct appeal; no relevant Sixth Amendment precedent was cited in Appellant's Brief (State Court Record, ECF No. 14, Ex. 20).

In any criminal proceeding in which there is the possibility of imprisonment as a punishment, a criminal defendant has the right to effective assistance of counsel.  *Powell v. Alabama*, 287 U.S. 45 (1932)(capital cases); *Gideon v. Wainwright*, 372 U.S. 335 (1963)(felony cases); *Argersinger v. Hamlin,* 407 U.S. 25 (1972)(misdemeanor cases where imprisonment is a possibility); *Alabama v. Shelton,* 535 U.S. 654 (2002)(even if sentence is suspended).

As a corollary, criminal defendants have the right to have that counsel provide effective

5

assistance.  The governing standard for effective assistance is laid out in *Strickland v. Washington,* 466 U.S. 668 (1984).  It can be deficient performance under the first prong of *Strickland* to fail to raise a compelling state law claim which would include violations of a state statutory right to speedy trial.  However, that Sixth Amendment right is subject to the same fair presentation duty as any other constitutional right.  In this case, Petitioner made no claim of ineffective assistance of trial counsel on direct appeal, although any failure to properly litigate the state speedy trial issue would have been apparent on the face of the record.

In his Second Ground for Relief, added by amendment, Petitioner argues he received ineffective assistance of appellate counsel from attorney Charles Blue when Blue failed to argue the "true issue" on the state speedy trial claim.  On the reopened appeal on this claim, Whitfield was represented by new counsel who did not raise any claim that Attorney Blue provided ineffective assistance of appellate counsel (See Appellant's Brief and Opinion, State Court Record, ECF No. 14, Exs. 33, 36).  Thus any claim of ineffective assistance of appellate counsel as to Attorney Blue's performance is procedurally defaulted by failure to raise it in the reopened direct appeal.

Furthermore any such claim would have been without merit because the Second District held the continuances of trial granted by the trial court were justified under Ohio Revised Code § 2945.71 by Whitfield's changes of counsel and the COVID-19 pandemic.  The Sixth Circuit has repeatedly held the pandemic may justify speedy trial delay.  *See United States v. Jones*, No. 21-3252, 2023 WL 1861317, at *7 (6th Cir. Feb. 9, 2023); *United States v. Roush*, No. 21-3820, 2021 WL 6689969, at *2 (6th Cir. Dec. 7, 2021); *see also United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022) ("[S]urely a global pandemic . . . falls within such unique circumstances to permit a court to  temporarily suspend jury trials in the interest of public health.").

6

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Corrected Amended Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 27, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #