**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

CALEB WHITFIELD,

Petitioner, : Case No. 3:24-cv-00330

- vs - District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

WARDEN,
Toledo Correctional Institution,

:

Respondent.

# DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Caleb Whitfield to obtain relief from his conviction in the Montgomery County Court of Common Pleas on charges of aggravated vehicular homicide, vehicular assault, failure to comply with the order or signal of a police officer, and resisting arrest, is before the Court on Petitioner's Objections (ECF No. 29) to the Magistrate Judge's recommendation that the case be dismissed with prejudice ("Report," ECF No. 28), Petitioner's Motion to Expedite (ECF No. 30), and Petitioner's supplemental Objections (ECF No. 31).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the Report *de novo* with particular attention to the issues on which Petitioner has lodged objections. Petitioner's Objections are ruled on as follows.

**Litigation History**

Petitioner was indicted August 11, 2021 (Indictment, State Court Record, ECF No. 14, Ex. 1). On September 10, 2021, defense counsel moved for a continuance because of "significant discovery." *Id.* at Ex. 3. On September 16, 2021, the Common Pleas Court recognized that the speedy trial deadline in this case under Ohio Revised Code § 2945.71 was November 21, 2021. *Id.* at Ex. 4. Noting the number of trials which had had to be continued from 2020 because of the pandemic, the court *sua sponte* continued the trial to December 20, 2021.

On October 8, 2021, the attorney who had been representing Petitioner, John Pinard, moved to withdraw because "Defendant does not believe Attorney is working in his best interest." *Id.* at Ex. 5. On October 14, 2021, the court found Petitioner could not afford counsel and appointed William Cass to represent him. *Id.* at Ex. 6.

On October 29, 2021, the court set the trial for February 22, 2022 (Ex. 7). Cass waited until February 9, 2022, to move to dismiss on statutory speedy trial grounds. *Id.* at Ex. 8. Judge Adkins overruled that motion on February 18, 2022, and the case proceeded to trial with a jury finding Petitioner guilty. *Id.* at Ex. 10. Petitioner's post-trial motion for acquittal, which did not again raise a speedy trial issue, was overruled. *Id.* at Ex. 13.

Petitioner appealed and new counsel, Charles Blue, was appointed for the appellate process. Blue pleaded five assignments of error, including error in denying the motion to dismiss on statutory speedy trial grounds (Appellant's Brief, State Court Record, ECF No. 14, Ex. 20, PageID 219). The Ohio Second District Court of Appeals decided this first assignment of error as follows:

> {¶ 13} In his first assignment of error, Whitfield raises a statutory speedy-trial issue. He argues that no tolling event or other

reasonable and necessary continuance extended the speedy-trial deadline. Given that his trial occurred beyond that 90-day deadline, Whitfield reasons that he was entitled to dismissal of the indictment.

{¶ 14} The right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. This constitutional mandate has been codified in R.C. 2945.71, which designates specific time limits for bringing a defendant to trial. As relevant here, a defendant charged with a felony must be brought to trial within 270 days of arrest. R.C. 2945.71(C)(2). Each day that a defendant is held in jail in lieu of bail counts as three days when computing this time. R.C. 2945.71(E). This means a defendant held in jail must be brought to trial within 90 days of arrest.

{¶ 15} Speedy-trial time may be tolled by certain events delineated in R.C. 2945.72. Compliance with the speedy-trial statutes is mandatory, and they "must be strictly construed against the state." *State v. Cox*, 12th Dist. Clermont No. CA2008-03-028, 2009-Ohio-928, 2009 WL 501564, ¶ 12. "The rationale supporting speedy-trial legislation is to prevent inexcusable delays caused by indolence within the judicial system." *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 8. "Review of a speedy-trial claim involves a mixed question of law and fact. Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo." *State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶ 15.

{¶ 16} In the present case, Whitfield was held in jail upon his arrest. He did not waive his right to a speedy trial. Therefore, he was required to be brought to trial within 90 days unless one or more sufficient tolling events occurred. Whitfield's speedy-trial clock began on August 19, 2021, when he was arrested on his indictment. His trial commenced on February 22, 2022, which was beyond the 90-day time limit.

{¶ 17} Whitfield acknowledges that he requested a seven-day continuance of proceedings from September 8, 2021, to September 15, 2021. Speedy-trial time was tolled for those seven days pursuant to R.C. 2945.72(H), which extends time for "[t]he period of any continuance granted on the accused's own motion." Whitfield also filed a request for discovery, which tolled speedy-trial time for a "reasonable" period. *State v. Belville*, Ohio, 2022-Ohio-3879, —— N.E.3d ——, ¶ 19-20. But the parties' real dispute concerns the trial court's setting of an initial trial date outside of speedy-trial time and

its subsequent rescheduling of that trial date after appointing new counsel to represent Whitfield.

{¶ 18} On September 16, 2021, the trial court held a hearing to discuss a trial date. During the hearing, the trial court explained that it was "impossible" to set a trial date for Whitfield any earlier than December 20, 2021. While acknowledging that this date was beyond the statutory speedy-trial deadline, the trial court noted that R.C. 2945.72(H) authorized tolling speedy-trial time for any "reasonable continuance" ordered by the trial court sua sponte. The trial court then noted the existence of a "tremendous backlog" of pending trials due to a prior COVID-19-related suspension of jury trials in Montgomery County. The trial court stated that it sometimes still had four or five jury trials scheduled for the same week and that it had approached other judges about taking Whitfield's case. The trial court advised Whitfield that all of the judges' dockets were full and that it simply could not set his trial date earlier than December 20, 2021. As a result, the trial court found a continuance of his trial until that date to be reasonable under R.C. 2945.72(H). The trial court memorialized its determination in an entry and order filed that same day.

{¶ 19} Thereafter, on October 8, 2021, Whitfield's attorney filed a motion to withdraw as counsel, citing "an irreconcilable breakdown in communication between client and attorney." The trial court held an October 13, 2021 hearing on the motion and granted defense counsel permission to withdraw. During the hearing, the trial court advised Whitfield that it would appoint new counsel to represent him. The trial court then added, "I'm going to vacate the jury trial, because there's no way new counsel can be prepared within that period of time." The trial court journalized an entry appointing new counsel for Whitfield on October 14, 2021. One of the parties also sought and obtained a continuance from October 13, 2021 until October 20, 2021, but the record fails to make clear which party made the request. Whitfield's newly-appointed counsel subsequently sought and obtained another continuance from October 20, 2021 until October 27, 2021.

{¶ 20} The trial court held a scheduling conference on October 27, 2021. During that hearing, it advised Whitfield's new attorney that his appointment had caused the December 20, 2021 trial date to be continued. The trial court, the prosecutor, and defense counsel then agreed that February 22, 2022 was the next available date that would fit everyone's schedule. Defense counsel nevertheless objected to the new date to preserve a potential speedy-trial argument. The trial court responded by stating:

> Well, I explained to Mr. Whitfield upon his request for a new attorney that the jury trial would have to be set aside. I explained that to him. And I explained to him that you needed time to get up to speed. And due to the Court's calendar, it may be several months before we would set the retrial. That was all explained to him before the Court granted the motion to appoint new counsel.
> So that will be the trial date set in this matter * * *.

Transcript Vol. I at 17.

{¶ 21} The next meaningful docket entry was an "Order of Appearance" filed on October 29, 2021. The order set a final pretrial date of February 16, 2022, and a new trial date of February 22, 2022.

{¶ 22} On February 9, 2022, Whitfield moved to dismiss his indictment on statutory speedy-trial grounds. His entire substantive argument was as follows:

> In this case, the Defendant's right to a speedy trial has clearly been violated. Prior to the Defendant's speedy trial deadline expiring, the Court sua sponte continued his trial date to December 20th, or for 95 days. The Court's basis for the continuance was that it had cases set prior to the Defendant's speedy trial deadline that prevented it from bringing the Defendant to trial before the deadline. However, the Court did not specifically cite any of the cases that were set within that time frame. In addition, it is well known that many cases set for trial are settled before trial or continued. The Court did not leave open the possibility that this could occur and allow the Court to timely bring the Defendant to trial. The Court also had the option of waiting until the Defendant's speedy trial deadline approached so that it could try and schedule the Defendant for trial prior to the deadline. Simply continuing the Defendant's case for 95 days, or 32 days past his speedy trial deadline, was unreasonable.
>
> In addition, assuming arguendo that the Trial Court's continuance to December 20th was reasonable, it only extended the Defendant's right to a speedy trial by 32 days. The Trial Court did not set the Defendant's trial within those remaining 32 days. As of the date February 8, 2022, 50 days have elapsed since December 20th and, therefore, the Defendant's right to a speedy trial has been violated.

Defendant's February 9, 2022 Motion to Dismiss at 3.

{¶ 23} The trial court overruled Whitfield's motion to dismiss in a February 18, 2022 decision. Reiterating its earlier explanation about ongoing coronavirus-related docket congestion and a subsequent continuance necessitated by Whitfield's request for new counsel, the trial court found no speedy-trial violation.

{¶ 24} On appeal, Whitfield primarily challenges the trial court's setting of a December 20, 2021 trial date based on docket constraints. He asserts that the suspension of jury trials in Montgomery County Common Pleas Court was lifted in December 2020 and argues that COVID-19 "cannot remain a basis for denial of statutory speedy trial rights well after the pandemic." With regard to the subsequent continuance related to Whitfield's request for new counsel, he does not challenge or even address the merits of the trial court's decision to order a continuance to allow new counsel to become acquainted with the case. Whitfield argues only that the trial court failed to journalize an entry containing reasons justifying this continuance.

{¶ 25} Upon review, we find Whitfield's speedy-trial challenge to be unpersuasive. With regard to the initial December 20, 2021 trial date, the trial court made a detailed record explaining why it was impossible for Whitfield to be tried within the speedy-trial deadline and why a short continuance beyond that deadline was necessary. In addition to explaining itself on the record during a hearing, the trial court incorporated its reasoning into a timely journal entry.

{¶ 26} Addressing a similar situation, this court recently upheld a trial court's *sua sponte* tolling of speedy-trial time based on docket congestion attributed to the lingering impact of the coronavirus pandemic on jury trials. In *State v. Hart*, 2d Dist. Montgomery No. 29252, 2022-Ohio-4550, 2022 WL 17747803, the trial court tolled a defendant's speedy-trial time from October 21, 2020 until January 19, 2021, citing docket congestion and the recent appointment of new counsel to represent the defendant. *Id.* at ¶ 85. Thereafter, the trial court filed another tolling entry on January 12, 2021, tolling speedy-trial time until June 28, 2021. In support, the trial court cited a new temporary emergency order suspending jury trials in Montgomery County Common Pleas Court through March 27, 2021, as well as an Ohio Attorney General's opinion and Ohio Supreme Court guidance limiting in-person meetings, and the fact that Montgomery County remained under a level three COVID-19 public emergency. *Id.* at ¶ 86. In finding no speedy-trial violation,

we held that the trial court had fully explained and justified these continuances. Other Ohio courts also have recognized the reasonableness of coronavirus-related tolling due to docket congestion even after Ohio's declaration of emergency officially expired on June 30, 2020. *State v. Beal*, 2021-Ohio-3812, 179 N.E.3d 754, ¶ 35 (5th Dist.); *see also State v. Hairston*, 2d Dist. Montgomery No. 20844, 2006-Ohio-2669, 2006 WL 1461043, ¶ 15 ("It is well settled that docket congestion may be grounds for a reasonable continuance under R.C. § 2945.72(H), provided that the trial court gives a timely explanation for its action.").

{¶ 27} Here the trial court timely set forth detailed justifications for establishing a trial date roughly a month beyond the speedy-trial deadline. Its reasons included the impossibility of trying Whitfield sooner due to a crowded docket based on real challenges facing the judicial system in the wake of the global pandemic. Because the trial court's tolling of speedy-trial time to accommodate a December 20, 2021 trial date was reasonable in both purpose and length, we find no statutory speedy-trial violation based upon it.

{¶ 28} With regard to the subsequent continuance until February 22, 2022, Whitfield's only argument on appeal is that the trial court failed to journalize an entry reciting its justification for the continuance. This argument fails for at least two reasons. First, Whitfield did not raise it below in his speedy-trial motion. Nowhere in his motion did he argue that dismissal on speedy-trial grounds was required because the trial court failed to journalize an entry explaining the basis for establishing a February 22, 2022 trial date. Second, a trial court is required to journalize such an entry only when it sua sponte continues a trial date. In such a case, it must issue a journal entry ordering the continuance and setting forth its reasoning prior to expiration of speedy-trial time. *State v. King*, 70 Ohio St.3d 158, 162-163, 637 N.E.2d 903 (1994).

{¶ 29} Here the trial court set forth its justification for continuing Whitfield's trial date to February 22, 2022 during a hearing, not in a journal entry, and it separately journalized the new-trial date. Nothing more was required, however, because the trial court found a delay until February 22, 2022 to be necessitated by Whitfield's motion for new counsel. That tolling event was attributable to Whitfield's own actions and was not a sua sponte act by the trial court. *See Belville,* Ohio, 2022-Ohio-3879, —— N.E.3d ——, at ¶ 30 (recognizing that "*King* dealt with the requirement that when a trial court sua sponte continues a trial date beyond the speedy-trial period, it must issue a journal entry setting forth the continuance and the reason therefor prior to the expiration of the speedy-trial

> period"). Any period of delay necessitated by a defendant's own motion automatically acts as a tolling event. *Id.* at ¶ 31.
>
> {¶ 30} For the foregoing reasons, we see no error in the trial court's overruling of Whitfield's motion to dismiss the charges against him on statutory speedy-trial grounds. The first assignment of error is overruled.

*State v. Whitfield*, 2023-Ohio-240 (Ohio App. 2d Dist. Jan. 27, 2023).

The Second District remanded for re-sentencing which was completed on June 14, 2023 (Entry, State Court Record, ECF No. 14, Ex. 26). Whitfield did not appeal from the re-sentencing, but on April 26, 2023, filed *pro se* an Application for Reopening the appeal under Ohio R. App. P. 26(B). *Id.* at Ex. 27. He asserted Attorney Blue had provided ineffective assistance of appellate counsel because

> The issue in question is if the trial court's vacating and rescheduling the defendant's trial date beyond the statutory limitation upon defense counsel's motion to withdraw was actually necessitated by the appellant (Caleb Whitfield) applying [Ohio Revised Code §] 2945.72(E) or was the rescheduling beyond the statutory limitation *sua sponte* and thereby must be reasonable and journalized [as] required by [Ohio Revised Code §] 2945.72(H).

*Id.* at PageID 277.

The Second District granted Whitfield's Application in part, holding "reopening will be granted to allow him to raise the speedy-trial issue discussed above," to wit, "whether R.C. 2945.72(E), or any other provision, tolled speedy-trial time from October 14, 2021, when the trial court appointed new counsel, through the start of Whitfield's trial on February 22, 2022." (Opinion, State Court Record, ECF No. 14, Ex. 31, PageID 321.)

New counsel Jeffrey Gramza was appointed to brief the issue. The Second District then found that "appointed [trial] counsel's motion to withdraw and the trial court's appointment of new counsel necessitated the delay about which Whitfield complains. Under R.C. 2945.72(E) speedy-

trial time was tolled for the period of delay at issue." (Opinion, State Court Record, ECF No. 14, Ex. 36, PageID 357). On May 7, 2024, Whitfield moved the Second District for Delayed Reconsideration; the court granted reconsideration but declined to modify its decision. *Id.* at Exs. 44, 47.

The Second District entered its judgment on February 23, 2024. Whitfield did not appeal to the Supreme Court of Ohio until July 3, 2024. *Id.* at Ex. 38. That Court excused the late filing but then declined to exercise jurisdiction. *Id.*at Exs. 40, 43.

Petitioner pleads two grounds for relief:

> **Ground One:** Appellate Counsel rendered ineffective assistance by failing to raise and/or exhaust the controlling factors and arguments which clearly supports the appellants contention and legal analysis that a speedy trial violation did occur.
>
> **Supporting Facts:** Appellant Counsel argument was "There was no motion made or instituted by appellant." He made no citation to any legal authority, Case law nor to the Record. Whitfield acting pro se already addressed that fact in his application for reopening. Upon reopening new counsel was directed by the Court to address the genuine issue. Appellant Counsel did not argue the fact that by definition Ohio RC. 2945.72(F) does not apply to motions which does not cause delay in the proceedings, failed to argue The Trial Court Journalized a 7 day continue on October 13, 2021, Journalized the appointment of new counsel on October 14, 2021 and Journalized another 7 day continuance on October 20, 2021 all while the December 20, 2021 trial remained held on schedule unaffected by Trial Counsel's motion to withdraw as Counsel. Therefore Ohio R.C. 2945.72(E) was not applicable. Also failed to argue the fact that a Court of Record speaks Through its Journal Therefore the trial courts oral statement on October 13, 2021 to vacate the December 20, 2021 Trial date was legally meritless. Failed to litigate the Case law behind the statutory language usage. Appellate Counsel's action prejudicially effected the petitioners trial Clearly – Respectfully.

(Petition, ECF No. 6 PageID 61).

> **Ground Two**: Appellate counsel Charles Blue rendered ineffective

> assistance by failing to raise and/or exhaust the controlling legal factors and arguments which clearly supports that a statutory speedy trial violation occurred.
>
> **Supporting Facts:** Appellate counsel Charles Blue argument in relation to the statutory speedy trial question omits the real issue/argument but instead focused on the trial courts justified *sua sponte* continuance due to Covid-19. On appeal, counsel primarily challenged the trial courts setting of a December 20, 2021 trial date but in regards to the (issue in question) the subsequent continuance until February 22, 2022, counsel failed to address it which prompted the reviewing court to call it out on review which directly prompted the appellate (Whitfield) to file an App. R. 26(B) which was granted on such issue.

(Am. Petition, ECF No. 21-1, PageID 1244).

**Possible Federal Constitutional Speedy Trial Claim**

On their face, these two Grounds do not distinguish between the federal constitutional right to a speedy trial and the Ohio statutory right. Federal courts are required to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Applying that rule, the Magistrate Judge was required to deal with the possibility that Petitioner was attempting to raise a federal constitutional speedy trial claim. The Magistrate Judge noted that a federal habeas court can only consider federal constitutional claims. He noted that Whitefield had never presented a federal constitutional claim to the Ohio courts and thus had procedurally defaulted on any such claim. The Objections confirm that Whitfield did not intend to raise any Sixth Amendment speedy trial claim, either substantively or as a predicate for an ineffective assistance of appellate counsel claim. The Court agrees that any possible federal constitutional speedy trial claim is procedurally defaulted because it was never presented to the Ohio courts.

**Ohio Statutory Speedy Trial Claim**

Because federal habeas courts can only consider federal constitutional claims, this Court cannot review the merits of the Second District's decision that all of the trial continuances granted in this case, considered together, did not violate the Ohio speedy trial statute.

On the other hand, state criminal defendants charged in any case that carried a possible jail sentence have a Sixth Amendment constitutional right to the effective assistance of counsel. *Powell v. Alabama*, 287 U.S. 45 (1932)(capital cases); *Gideon v. Wainwright*, 372 U.S. 335 (1963)(felony cases); *Argersinger v. Hamlin,* 407 U.S. 25 (1972)(misdemeanor cases where imprisonment is a possibility); *Alabama v. Shelton,* 535 U.S. 654 (2002)(even if sentence is suspended). That right extends, however, only to a first appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). If a defendant believes he has been denied effective assistance, he must fairly present that claim to the state courts before bringing it to habeas. Under Ohio law, a claim which can be presented on the appellate record mut be presented on direct appeal or be barred by *res judicata*. *State v. Perry,* 10 Ohio St. 2d 175 (1967).

Any claim Petitioner may have had that his trial attorney provided ineffective assistance by not arguing properly his speedy trial claim. Petitioner made no such claim on direct appeal. Nor did he ever file a petition for post-conviction relief under Ohio Revised Code § 2953.21 if he claims he had an ineffective assistance of trial counsel claim based on evidence outside the appellate record.

Any claim that he was denied effective assistance of appellate counsel on direct appeal can only be brought, as the Magistrate Judge noted, by an Application for Reopening the appeal under Ohio R. App. P. 26(B). A defendant is not entitled to the assistance of counsel in moving to reopen.

However, if the appellate court decides to allow reopening, as the Second District did here, the appellant becomes again entitled to the effective assistance of appointed counsel. The Second District recognized that right and appointed Attorney Gramza. However, the Second District then decided Attorney Blue had not provided ineffective assistance of appellate counsel because there was no merit to Petitioner's statutory speedy trial claim.

The review of the litigation history above shows the Second District followed the two-stage process now required of Ohio appellate courts in deciding App. R. 26(B) applications by *State v. Leyh*, 166 Ohio St.3d 365 (2022), described as follows:

> [T]he two-stage procedure prescribed by App. R. 26(B) requires that the applicant seeking permission to reopen his direct appeal show at 25.the first stage that there is at least a genuine issue—that is, legitimate grounds—to support the claim that the applicant was deprived of the effective assistance of counsel on appeal. *See* App. R. 26(B)(5). If that showing is made and the application is granted, the applicant must then establish at the second stage the merits of both the direct appeal and the claim of ineffective assistance of appellate counsel. *See* App. R. 26(B)(9).

*Leyh* at ¶ 25. The Second District did just that. It concluded there was a genuine issue about the statutory speedy trial claim, appointed counsel, and ordered it to be briefed. Newly-appointed appellate counsel Jeffrey Gramza briefed that issue and the Second District held there was no merit in the statutory speedy trial claim. Having reached that conclusion, it did not need to decide if Attorney Blue had been ineffective in failing to present that issue because there is no ineffective assistance of appellate counsel in failing to present a claim without merit.

The Objections now seem to assert that Attorney Gramza provided ineffective assistance of appellate counsel in failing to properly present the claim on which the Second District had found a genuine issue. Attorney Gramza certainly understood his assignment:

> The Court ordered this appeal reopened and specified that Appellant was to address one specific speedy-trial issue: whether R.C. 2945.72(E) or any other provision tolled speedy-trial time from October 21, 2021, when the Trial Court appointed Appellant new counsel, through the start of Appellant's trial on February 22, 2022.

(Appellant's Brief, State Court Record, ECF No. 14, Ex. 33, PageID 335). This was the issue Attorney Gramza argued and the Second District decided the issue the other way. It did not skip the first step required by *Leyh*, but in fact reopened the direct appeal, appointed counsel, and considered the underlying substantive claim first on the reopened appeal. If the Petitioner is arguing that the Second District committed error in deciding the substantive issue first, that is not an issue this Court can consider because it is an issue of Ohio law. If, on the other hand, Petitioner is arguing that Attorney Gramza committed ineffective assistance of appellate counsel in his manner of presenting this issue, that claim is procedurally defaulted because it is not fairly presented in either Petitioner's Motion for Reconsideration or his Memorandum in Support of Jurisdiction in the Supreme Court.[1]

It is true that no Ohio court has cited a procedural rule to bar Petitioner from making a claim of ineffective assistance of appellate counsel against Attorney Gramza. But when a constitutional claim has not been fairly presented to the state courts and can no longer be presented because of a well-recognized state court procedural rule, that claim has been procedurally defaulted. Ohio has only one procedure for raising a claim of ineffective assistance of appellate counsel: application under App. R. 26(B). *State v. Murnahan*, 63 Ohio St. 3d 60 (1992).

And Ohio allows only one 26(B) application per case. Ohio App. R. 26(B) makes no provision for successive applications. *State v. Richardson,* 74 Ohio St. 3d 235 (1996). Indeed, "there is no right to file successive applications for reopening" under App. R. 26(B). *State v.*

---

[1] To the extent he claims ineffective assistance of appellate counsel in the Supreme Court, it is Attorney Blue of whom he complains.

*Twyford,* 106 Ohio St. 3d 176 (2005), *quoting State v. Williams,* 89 Ohio St. 3d 179 ¶ 12. Denial of a second 26(B) application because Ohio law does not allow a second application upheld as an adequate and independent state procedural ground of decision. *Smith v. Warden, Toledo Corr. Inst*., 2019 U.S. App. LEXIS 18196 *32 (6th Cir. Jun. 18, 2019).

If it is argued that because the 26(B) remedy is not available, this Court should reach the merits of Petitioner's ineffective assistance of appellate counsel claim against Attorney Gramza, the Court would conclude that it must defer to the Second District's decision that Judge Adkins' continuance of the trial to February, 2022, was justified under the statute.

Petitioner's ineffective assistance of appellate counsel claims against Attorney Blue and Attorney Gramza are without merit because the Second District definitively held there was no violation of Petitioner's statutory speedy trial rights.

**Conclusion**

Consistent with the foregoing opinion, the Report is adopted and the Clerk is directed to enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*. Petitioner's Motion to Expedite (ECF No. 30) is denied as moot.

Monday, August 17, 2026 s/Thomas M. Rose

Thomas M. Rose
United States District Judge