**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

CALEB WHITFIELD,

Petitioner, : Case No. 3:24-cv-00330

- vs - District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

WARDEN,
Toledo Correctional Institution,

:

Respondent.

---

## DECISION AND ORDER

---

This habeas corpus case, brought *pro se* by Petitioner Caleb Whitfield pursuant to 28 U.S.C. § 2254, is before Petitioner's Motion for Reconsideration of the Court's judgment dismissing the case with prejudice. (ECF No. 35).

Petitioner brings this Motion under both Fed.R.Civ.P. 59(e) and 60(b), "alleging a clear error of law, legal misrepresentation, and substantial defects in the integrity of the federal habeas proceedings." (ECF No. 35, PageID 1420). He then correctly recites the standard for deciding Rule 59(e) motion: for a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)). He also notes that a Rule 60(b) motion in a habeas proceeding which raises a substantive claim must be treated as a second or successive habeas petition requiring circuit court permission to proceed,

but no such permission is needed if the 60(b) motion "attacks the integrity" of the habeas proceeding. (ECF No. 35, PageID 1420, citing *Gonzalez v. Crosby,* 545 U.S. 524 (2005).

In dismissing the case, the Court held that if Petitioner was claiming that Attorney Jeffrey Gramza provided ineffective assistance of appellate counsel on the reopened appeal, that claim was procedurally defaulted because it had never been fairly presented to the Ohio courts in either Petitioner's Motion for Reconsideration in the Second District or in his Memorandum in Support of Jurisdiction in the Ohio Supreme Court (Decision, ECF No. 33, PageID 1417). Petitioner argues this finding is in error because he filed two Memoranda in Support of Jurisdiction, one related to the performance of Attorney Charles Blue on the initial appeal and one related to the later performance of Attorney Gramza on the reopened appeal (Motion, ECF No.35, PageID 1422).

Upon examination of the State Court Record, the Court finds that Petitioner filed only one Memorandum in Support of Jurisdiction in the Ohio Supreme Court. That document is not separately indexed in the State Court Record, but is an attachment to Petitioner's Notice of Appeal (Notice, State Court Record, ECF No. 14, Ex. 48). In the body of the Memorandum, Petitioner does in fact argue his ineffective assistance of appellate counsel claims against both Attorney Blue and Attorney Gramza. See PageID 442. Accordingly, the Court withdraws the finding of procedural default as to Petitioner's ineffective assistance of appellate counsel claim against Attorney Gramza.

This does not, however, provide a basis for amending the judgment because the Court held in the alternative that the Second District's conclusion on the merits of Petitioner's ineffective assistance of appellate counsel claims was entitled to deference under 28 U.S.C. § 2254(d)(1):

> [The Court] must defer to the Second District's decision that Judge Adkins' continuance of the trial to February, 2022, was justified under the statute.
>
> Petitioner's ineffective assistance of appellate counsel claims against Attorney Blue and Attorney Gramza are without merit because the Second District definitively held there was no violation of Petitioner's statutory speedy trial rights.

(Decision, ECF No. 33, PageID 1418).

Petitioner objects to that deference conclusion because he says the Second District did not properly decide his ineffective assistance of appellate counsel claim on the merits in that "The state court adjudicated the statutory speedy trial question, but not under the relevant premise. Not under the specific argument.' (Motion, ECF No. 35, PageID 1423).

He continues:

> To be concise, the Petitioner is currently arguing that the State Court never actually rules [sic] on the merits of the Petitioner's "genuine issue" related to the statutory speedy trial question with the inclusion of the facts and arguments of the actual applicability and legal precedent of Ohio Revised Code § 2945.72(E) and the fact that via the record, "no actual delay was caused by Petitioner's motion to withdraw" which showing was required. However, due to the ineffective assistance of both appellate counsel's [sic] the state court was not presented with the actual mitigating and determative [sic] factors and arguments showcasing the clear fact that 2945.72 didn't apply and counsel's [sic] was [sic] ineffective in failing to raise the fact.

Motion, ECF No. 35, PageID 1427. In other words, Petitioner argues that the substitution of counsel did not in fact cause the delay of his trial beyond the statutory speedy trial date and appellate counsel were ineffective for failure to present that fact.

Interpretation of the Ohio speedy trial statute is a question of Ohio law. Application of that interpretation to the facts of a particular case is obviously also a matter for the Ohio courts. In this case the Second District had before it the full record of what occurred in the trial court regarding

trial scheduling. It also was undoubtedly aware of the impact of the COVID-19 pandemic on the ability of trial courts to conduct jury trials. Indeed, it sits in the same building with the Montgomery County Court of Common Pleas which had, among other measures, declared a moratorium on jury trials in 2020.

In evaluating the speedy trial claim on direct appeal, the Second District noted "the parties' real dispute concerns the trial court's setting of an initial trial date outside of speedy-trial time and its subsequent rescheduling of that trial date after appointing new counsel to represent Whitfield." *State v. Whitfield*, 2023-Ohio-240 ¶ 17 (Ohio App. 2d Dist. Jan. 27, 2023). When Whitfield moved to change attorneys in October. 2021, Judge Adkins advised him on the record that that would mean the trial date, then set for December, "would have to be set aside." *Id.* at ¶ 20. That is, Petitioner's exercise of his right to counsel of choice would necessarily cause a continuance of the December trial date. At that point Petitioner could have exercised hir right to represent himself under *Faretta v. California,* 422 U.S. 806, 835 (1975). Instead he went ahead with the motion to change counsel.

"The trial court, the prosecutor, and defense counsel then [October 27, 2021] agreed that February 22, 2022, was the next available date that would fit everyone's schedule." Trial was held on that date. Petitioner seems to believe that all of those schedules had to be made of record so the Second District could actually see if the substitution of counsel "caused" the delay and perhaps evaluate whether other prisoners' speedy trials should be sacrificed so that Petitioner's trial could occur in December, 2021.

Conducting a fair jury trial requires bringing many people together. The Second District recognized that the pandemic had a disastrous impact on holding jury trials. *Id.* at ¶ 26. Considering the record in this case and the facts noted in ¶ 26, the Second District concluded

Ohio's speedy trial statute was not violated in this case. *Id.* at ¶¶27-30. That conclusion is binding on this Court, not because of deference under Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), but because it is purely a question of state law as applied to facts of record.

AEDPA deference applies only to federal claims decided on the merits by the state courts. In deciding the reopened appeal, the Second District again found the continuances were reasonable and there was therefore no statutory speedy trial violation. Under the governing standard of *Strickland v. Washington,* 466 U.S. 668 (1984), it cannot be ineffective assistance of appellate counsel to fail to raise a claim which would have failed.

Petitioner claims, however, that the result would have been different if the claim had been raised in the proper way. He cites case law which Attorneys Blue and Gramza did not cite and essentially asserts that if they had done so, there would have been a different result. In the Motion he cites *State v. Frost*, 1992 Ohio App. LEXIS 6228 (Scioto App., Dec. 11, 1992); *State v. Owens,* 1992 Ohio App. LEXIS 3332 (Ohio App. 2d Dist. Jun. 26, 1992); *State v. Robison*, 1992 Ohio App. LEXIS 4103 (deciding court and date omitted); *State v. Arrizola*, 79 Ohio App. 3d 72 (deciding court omitted, 1992); and *State v. Jensen,* 1995 Ohio App. LEXIS 2709 (deciding court omitted)(Motion, ECF No. 35, PageID 1428).

All of these cases are cited for general propositions about how strictly against the State the speedy trial statute should be interpreted. But "general propositions do not decide concrete cases." *Lochner v. New York*, 198 U.S. 45 at 75(1905)(Holmes, J., dissenting). Most of the cited cases are from appellate districts other than the Second. None of them were handed down in the specific context of a raging pandemic which was killing thousands each week and was transmitted by air. Ohio Revised Code § 2945.71 had to be applied to this case in that context.

It is very doubtful that citing these cases to the Second District would have made a difference in the outcome. Certainly Petitioner cites no controlling precedent from the Ohio Supreme Court applying the speedy trial statute to a situation parallel to Petitioner's. Because citing those cases would probably not have made a difference in the outcome of Petitioner's appeal, Petitioner has not shown prejudice from counsels' omissions as is required by the second prong of *Strickland*, even assuming (without deciding) that omission of these citations was deficient performance under the first prong of *Strickland*.

Because Petitioner has shown no clear error of law in the Court's judgment and does not even argue lack of integrity in these proceedings, his Motion is denied.

The Court has already denied Petitioner a certificate of appealability and he has made no argument on that point in the Motion.

Dated: Monday, August 31, 2026

s/Thomas M. Rose

____________________________

Thomas M. Rose
United States District Judge